**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  CR 02-77(A)-TJH  **AMENDED** |
| **Defendant**  KEVIN TAVIN BOONKRONG | Social Security No.  3  8  7  7 |
| akas:  Tavin Ronald Boonkrong | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Feb. | 25 | 2008 |

**COUNSEL**  [X] WITH COUNSEL  Cornell Price, retained
(Name of Counsel)

**PLEA**  [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**  There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
*Conspiracy to Commit Violent Crimes in Aid of Racketeering Activity and Murder in Aid of Racketeering Activity in violation of Title 18 United States Code, Section 1959(a), as charged in Count 1 of the First Superseding Indictment. Conspiracy to Commit Violent Crimes in Aid of Racketeering Activity and Murder in Aid of Racketeering Activity; Aiding and Abetting, in violation of Title 18 United States Code, Section 1959(a), as charged in Count 2 of the First Superseding Indictment.*

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **One hundred twenty (120) months**

The Court ORDERS the defendant to pay to the United States a special assessment of $200.00, to the Clerk of the Court.

The court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

It is ordered that the defendant shall pay restitution in the total amount of $18,655.06 pursuant to 18 U. S. C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim's Representative | Amount |
|---|---|
| Yu Shan Ni | $18,655.06 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $25 shall be made during the period of supervised release.

These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. §3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

The defendant shall be held jointly and severally liable with co-participants Kien Vay Luong, John Sun, Paul Cho Liu, Michael Chang, Alan Akita and Wai Yin Chu for the amount of restitution ordered in this judgment.

| USA vs. | KEVIN TAVIN BOONKRONG | Docket No.: | CR 02-77(A)TJH |

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Tavin Boonkrong, is, hereby, committed on Counts One and Two of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of **One hundred twenty (120) months.**

This term consists of 120 months on Count One and 120 months on Count Two of the First Superseding Indictment, to be served concurrently.

Should the defendant be released from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of three years on Count One and five years on Count Two, all such terms to run concurrently, under the following terms and conditions:

**1.**  The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318.

**2**. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

**3**. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. §3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer .

**4**. The court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

**5**. The defendant shall not associate with any member of any criminal street gang or disruptive group as directed by the Probation Officer, specifically any member of the Wah Ching Street gang.

**6.** The defendant shall not be present in any area known as a criminal street gang gathering of the Wah Ching, as directed by the Probation Officer.

**7.** The defendant shall not wear, display, use or posses any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with, or membership in the Wah Ching gang.

**8.** During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

**9.** The defendant shall cooperate in the collection of a DNA sample from the defendant.

The court informs the defendant of his right to appeal.

On Government's motion, all remaining count(s)/underlying indictment/information are hereby ordered dismissed.

The court recommends to the Bureau of Prisons that this defendant, if eligible, be housed in the Federal Satellite facility, or in a minimum level institution and that he be allowed to participate in the 500 hour drug/alcohol program.

It is, further, ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on, or before

USA vs.   KEVIN TAVIN BOONKRONG                                    Docket No.:   CR 02-77(A)TJH

MAY 27, 2008 BY 12NOON or if no institution has been designated, the defendant is ordered to surrender to the U. S. Marshal's Office, located at Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The bond of defendant is to be exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| November 24, 2008 | *Terry J. Hatter, Jr.* |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

| November 24, 2008 | By | Yolanda Skipper |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.   KEVIN TAVIN BOONKRONG                              Docket No.:   CR 02-77(A)TJH

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

| | |
|---|---|
| USA vs. KEVIN TAVIN BOONKRONG | Docket No.: CR 02-77(A)TJH |

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                                              Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date                                    Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
            Defendant                                 Date

_____         _____
U. S. Probation Officer/Designated Witness      Date